PER CURIAM.
Appellant-respondents seek review of an order appointing petitioner sole guardian of" the property and co-guardian of the person of Miguel Angel Junco, a minor incompetent.
On December 29, 1972, Miguel Junco, a minor of 11 months of age, was accompanying his parents, New York residents, on a flight from New York to Miami to visit his maternal grandparents when their plane crashed in the Everglades. As a result thereof, Miguel became orphaned and having sustained serious injuries was hospitalized. A day or two after Miguel’s release from the hospital, Miguel’s maternal grandfather, Guillermo Suarez-Solis, petitioner-appellee herein, on January S, 1973 filed in the circuit court a petition praying that he be appointed guardian of the minor. That evening Miguel was taken home to New York by his paternal grandmother and paternal aunt with whom he and his deceased parents had resided previous to the accident. Miguel’s paternal grandparents, appellant-respondents herein, filed objections and defenses to the guardianship petition of appellee. On January IS, 1973 Miguel’s paternal aunt was appointed guardian pursuant to a New York proceeding therefor. Nevertheless, in June 1973, the Dade County Circuit Court, Probate Division, entered the herein appealed order appointing petitioner-appellee sole guardian of Miguel’s property and co-guardian of his person along with Herminia Junco, the paternal grandmother.
It is well established that a court lacks jurisdiction over the guardianship of a minor where the minor is not domiciled in or a resident of the state. 15 Fla.Jur. Guardian & Ward § 116 (1957). The record clearly supports the position of the appellants that the subject minor is not a resident of the State of Florida and was present in the state for a brief period of time during which he was hospitalized as a result of the plane crash. Therefore, we conclude that the court lacks jurisdiction over the person of the minor incompetent, Miguel Junco, and thus it was error to have appointed Miguel’s maternal grandfather, Guillermo Suarez-Solis, as co-guardian over his person. Further, we have determined that the court erred in appointing appellee grandfather sole guardian of the property of Miguel Junco as no useful purpose would be served thereby because the minor had no real or personal property in Florida and a lawsuit against the airline already had been filed in New York thereby eliminating any contingent claim for personal injuries and/or the wrongful death of his parents in Florida.
Accordingly, the order appointing guardian is reversed hereby and the cause is remanded with directions to deny the petition of appellee for his appointment as guardian of the person and property of the minor child, Miguel Angel Junco.
Reversed and remanded.